UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| PHILIP W. ELGIN, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 4:17-CV-58-TAV-CHS |
| AUSTIN SWING, LOKEY, MARY WEST, JENNIFER LITTLE, JUDGE CHARLES RICH, JUDGE LEE RUSSELL, JUDGE FORREST DURANT, NURSE BECKY, NURSE TONYA[1], KATHY HICKERSON and JAMES TUCKER, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Acting pro se, Philip W. Elgin, Jr. ("Plaintiff"), an inmate confined in the Bedford County Correctional Complex ("BCCX"), has submitted an amended civil rights complaint for damages under 42 U.S.C. § 1983 [Doc. 4]. The matter is now before the Court for screening of the amended complaint pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, this action will proceed only as to Plaintiff's claims against Defendants Nurse Becky and Nurse Tonya. All other claims and Defendants will be **DISMISSED**.

---

[1] Although Nurse Becky and Nurse Tonya do not appear on the Court Docket as parties in this action, it is clear from Plaintiff's amended complaint [Doc. 4] that Plaintiff intended to name Nurse Becky and Nurse Tonya as Defendants in this matter. As such, the Clerk is **DIRECTED** to update the docket to add Nurse Becky and Nurse Tonya as Defendants to this action.

**I.     SCREENING THE COMPLAINT**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, dismiss *sua sponte* any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. BACKGROUND

Plaintiff names Sheriff Austin Swing as a Defendant in this action because "[he] has the final say" and "hires Tim Lokey . . . Jennifer Little . . . [and] Mary West . . ." as administrators at the Bedford County Jail [Doc. 4 p. 4]. In his complaint, Plaintiff asserts that he is charged $20.00 every time he submits a sick call form, even if he is not seen by medical staff [*Id.*]. He claims that a doctor ordered him to sleep on a medical mat, but he has never received the medical mat, even after filing grievances requesting the ordered mat [*Id.*]. Plaintiff has also been denied his requests for an appointment to see a "neuro doc[tor]", surgeon, and to receive his "regular medication" [*Id.*].

Plaintiff further claims that he is unsatisfied with the jail's grievance procedure and complains that he has filed many grievances regarding the jails conditions of confinement that have never been answered [*Id.*]. Within those unanswered grievances, Plaintiff complains that the facility has issues with sewage on the floor, mold, and food [*Id.* at 5].

Plaintiff asserts that he has written his appointed public defenders, Defendants James Tucker and Kathy Hickerson, concerning the possibility of getting his bond reduced or to be released on home arrest so he is able to take care of his son and to seek medical treatment [*Id.*]. However, Defendants James Tucker and Kathy Hickerson "don't care about [him]" and ignore Plaintiff's requests as do Defendants Judges Lee Russell, Forrest Durand, and Charles Rich [*Id.*].

## III. ANALYSIS

### A. Respondeat Superior

Plaintiff named Sheriff Austin Swing and jail administrators, Tim Lokey, Mary West, and Jennifer Little, as defendants in this matter. However, none of these Defendants appear in the body of the complaint and the Court finds no specific allegations against them whatsoever.

Plaintiff does not allege any of these Defendants were responsible for, or even knew of, the alleged wrongdoings. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that in order to state a claim, the plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit has found that, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to pro se complaints." *See Gilmore v. Corr. Corp. of Am.*, 92 Fed. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

To the extent that Plaintiff has not specifically named Austin Swing, Tim Lokey, Mary West, and Jennifer Little, as Defendants because he seeks to hold these Defendants liable based on their role in administration at Bedford County Jail, a theory of supervisory liability is unacceptable in a § 1983 case. *See Ashcroft v. Iqual*, 556 U.S. 662, 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.");

4

*Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed simply because a defendant "employs a tortfeasor"). The law is settled that § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Mich. Dept. of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995). At a minimum, "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution" *Iqbal*, 556 U.S. at 676-77. Without any detail of specific actions or inactions of Austin Swing, Tim Lokey, Mary West, and Jennifer Little, this Court finds Plaintiff has failed to state a constitutional claim upon which relief may be granted as against these Defendants, and thus, these Defendants will be **DISMISSED**.

    B.    **Medical**

Plaintiff complains that he is charged for each sick-call slip whether or not he is seen by a doctor [Doc. 4 p. 4]. It is important to note that Plaintiff does not allege he was unable to obtain necessary medical care because of the requirement that he bear the cost, or some portion of the cost. Nor does Plaintiff claim any named defendant failed to notify him that his account would be charged each time he submitted a sick-call slip. Rather, Plaintiff challenges the monetary charges for his medical care.

Although Plaintiff has not alleged a denial of a specific constitutional right, the Court presumes he is alleging an Eighth Amendment violation. "The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment, and is made applicable to convicted state

prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes,* 398 F.3d 868, 873 (6th Cir. 2005). While the Eighth Amendment's prohibition against cruel and unusual punishment requires jails to provide basic medical care to inmates, there is no requirement that the jails provide the medical care free of cost. *See Reynolds v. Wagner,* 128 F.3d 166, 173-74 (3rd Cir. 1997) (deliberate indifference standard does not guarantee prisoners the right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society). Inmates may be constitutionally required to pay for their own medical expenses, if they can afford to do so. *Roberson v. Bradshaw*, 198 F.3d 645 (8th Cir. 1999) (requiring inmates to pay for their own medications if they can afford to do so is not a federal constitutional violation); *see also Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981) (no basis for due process claim where deductions from prisoner accounts were assessments for value received). It is only when medical care is denied to inmates because of their inability to pay that deliberate indifference is implicated, and such is not the case before this Court.

Therefore, the $20.00 fee which Plaintiff complains of does not violate the constitution, as the assessment of a co-payment for medical treatment does not deprive him of a protected right, privilege, or immunity. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970) (To allege a valid 42 U.S.C. § 1983 claim, a plaintiff must assert the denial of a right, privilege, or immunity secured by federal law). Co-pay policies are constitutionally

6

permissible if they do not interfere with timely and effective treatment of serious medical needs. *See Reynolds v. Wagner,* 128 F.3d 166, 174 (3rd Cir. 1997).

Plaintiff's allegation, however, that a doctor ordered him a medical mat that he has never received, may, at this early stage in litigation, state a claim for relief. Given Plaintiff's contention that he has filed medical grievances requesting the prescribed medical mat, the Court can reasonable assume from the list of Defendants in this action, that this claim is brought against nurses Becky and Tonya. Plaintiff further alleges that nurses Becky and Tonya have ignored medical requests and sick call forms asking for an appointment to see a "neuro doc[tor]", "surgeon", and for his "regular medication" [Doc. 4 p. 5]. As with Plaintiff's claim regarding the denial of a medical mat order by the jail doctor, this claim of denial of "regular medication" and treatment by a neurological doctor and surgeon allows the Court to plausibly infer a violation of Plaintiff's rights. These claims against nurse Becky and Tonya will proceed.

### C. Grievance System

Plaintiff complains that he has filed several grievances regarding the jail's conditions of confinement that were never responded to [Doc. 1 p. 8]. Prisoners, however, do not possess a constitutional right to a prison grievance procedure. *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (finding that

plaintiff's allegation that the institution's grievance procedures were inadequate to redress his grievances did not violate the Due Process Clause and did not "give rise to a liberty interest protected by the Due Process Clause"). Further, if the prison provides a grievance process, violations of its procedures or its ineffectiveness do not rise to the level of a federal constitutional right. *See Walker v. Mich. Dep't of Corr.*, 128 F.App'x 441, 445 (6th Cir. 2005) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure").

Further, the complained of conditions in the filed grievances concerning the conditions of the jail, accepted as true, do not allow the Court to plausibly infer that those conditions have violated Plaintiff's constitutional rights. Plaintiff complains of sewage on floor, mold, and food [Doc. 4 p. 5].

"[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" will establish a conditions of confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted). Prison authorities may not, however, "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary

standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.* at 36 (1993); *see also Rhodes*, 452 U.S. at 347.

Nothing in the complaint suggests that the alleged sewage on floor, mold, and food create an unreasonable risk of damage to Plaintiff's health or any other extreme deprivation. As such, these claims regarding the living conditions at the jail are not unconstitutional.

D.      **Non-Suable Entities**

Plaintiff seeks to hold Defendants James Tucker and Cathy Hickerson liable for acts and/or omissions related to his sentence because Defendants Tucker and Hickerson were Plaintiff's appointed public defenders. While acting in that capacity, however, Defendants Tucker and Hickerson are not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–325 (1981) (holding that a public defender exercising his independent professional judgment in a criminal proceeding does not act under color of state law). Accordingly, Plaintiff cannot establish the element of state action with respect to these Defendants. As such, Defendants Tucker and Hickerson will be **DISMISSED**.

Plaintiff also briefly mentions in his complaint that Judges Rich, Russell, and Durand ignored Plaintiff's request for release from incarceration or bond reduction in order to take care of his son, and receive medical attention. However, Plaintiff's claims against these Judges are barred by judicial immunity. Judges, in the performance of their judicial functions, are absolutely immune from civil liability. *See, e.g.*, *Mireles v. Waco*, 502 U.S.

9, 9–10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cty.*, 753 F.3d 639, 648–49 (6th Cir. 2014). Judicial immunity is abrogated only when a judge is not acting in a judicial capacity, or when the judge acts in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12. Additionally, the doctrine of absolute judicial immunity protects judges from requests for injunctive relief as well as monetary damages. *See Kipen v. Lawson*, 57 Fed. Appx. 691, 691 (6th Cir. 2003); *Newsome v. Merz*, 17 Fed.Appx. 343, 345 (6th Cir. 2001).

In the present case, Judges Rich, Russell, and Durand are entitled to judicial immunity for Plaintiff's claims stemming from the ignored requests for release and will be **DISMISSED** as Defendants in this matter.

## IV. CONCLUSION

For the reasons set forth above:

1. All claims and Defendants in the complaint, except the claims against Defendants Nurse Becky and Nurse Tonya regarding their failure to provide medical care, are **DISMISSED**;

2. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Nurse Becky and Nurse Tonya;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty days of entry of this order;

4. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

5. Service on Defendants Nurse Becky and Nurse Tonya shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

6. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action may be dismissed;

7. Defendants Nurse Becky and Nurse Tonya shall answer or otherwise respond to the complaint within twenty-one days from the date of service. If either of these Defendants fail to timely respond to the complaint, it may result in entry of judgment by default for that Defendant; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE