UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PHILIP W. ELGIN, JR., | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No.: 4:17-CV-58-TAV-CHS |
| NURSE TONYA and NURSE BECKY, | ) ) ) ) |
|     Defendants. | ) |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On May 31, 2019, the Court entered an order screening the complaint and providing that Plaintiff had twenty days from the date of entry of the order to return service packets for the remaining Defendants [Doc. 5 p. 10]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court could dismiss this action [*Id.* at 11]. More than twenty days has passed, and Plaintiff has not complied with this order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999).

The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

With respect to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's order, but chose not to comply with it. As such, the first factor weighs in favor of dismissal.

With respect to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

With respect to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 5 p. 11].

Finally, with respect to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was proceeding *in forma pauperis* [Doc. 3] in this matter and therefore cannot afford monetary sanctions, and he has not pursued the case since filing an amended complaint with the Court more than twenty months ago, which reflects a significant lack of diligence.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action under Rule 41(b). The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

AN APPROPRIATE ORDER WILL ENTER.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE